UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                :
UNITED STATES OF AMERICA        :      SEALED INDICTMENT
                                :
           - v. -               :      21 Cr.
                                :
YURY MOSHA,                     :
ULADZIMIR DANSKOI,              :
JULIA GREENBERG,                :
ALEKSEI KMIT, and               :
TYMUR SHCHERBYNA,               :
                                :      21 CRIM 092
           Defendants.          :
                                :
- - - - - - - - - - - - - - - - X


## COUNT ONE
### (Conspiracy to Commit Immigration Fraud)

The Grand Jury charges:

1.   "Russian America" is a company which, at all times
relevant to this Indictment, purported to assist clients,
primarily aliens from Russia and the Commonwealth of Independent
States ("CIS"), seeking visas, asylum, citizenship, and other
forms of legal status in the United States.  YURY MOSHA and
ULADZIMIR DANSKOI, the defendants, operated Russian America. At
all times relevant to this Indictment, DANSKOI maintained one of
Russian America's office in Brooklyn, New York (the "Brooklyn
Office), and at all times relevant to the Indictment up to and
including at least in or about December 2019, MOSHA maintained a
second office in Manhattan, New York (the "Manhattan Office").

2.    At all times relevant to this Indictment, Russian America helped certain of its clients obtain asylum under fraudulent pretenses. It did so in a number of ways.  Among other things, YURY MOSHA and ULADZIMIR DANSKOI, the defendants, advised clients regarding the manner in which they were most likely to obtain asylum using false claims, knowing that these clients did not legitimately qualify for asylum; connected clients with coconspirators, such as JULIA GREENBERG, and TYMUR SHCHERBYNA, the defendants, so that these individuals could knowingly assist Russian America clients with various aspects of the clients' fraudulent asylum applications; and prepared and submitted to United States Citizenship and Immigration Services ("USCIS") clients' asylum applications and affidavits, knowing that these documents contained materially false information.

3.    For example, YURY MOSHA, the defendant, advised certain clients to establish and maintain online blogs that were critical of the clients' home countries, as a way to generate a claim that, based on the clients' political opinions, it was no longer safe for the clients to return to their native countries. MOSHA did so understanding that the clients' decision to blog was prompted not by their own idea or initiative, but by MOSHA's instruction, and that the clients' motive for blogging was to contrive a basis for asylum, rather than to publicly express a sincerely held opinion.

4.     Further, YURY MOSHA, the defendant, understood that, in some instances, his clients did not have the desire, topical knowledge, journalistic ability, and/or technical expertise to write blogposts and/or maintain and operate their blogs.  To the contrary, MOSHA referred certain Russian America clients to TYMUR SHCHERBYNA, the defendant, a Ukraine-based purported journalist, with the understanding that, in exchange for a fee, SHCHERBYNA would and did maintain and ghost-write Russian America's clients' blogs.  SHCHERBYNA, in turn, understood that Russian America clients would use these blogs as a fraudulent basis to seek asylum.

5.     YURY MOSHA, the defendant, also personally prepared clients' fraudulent asylum applications and submitted them, along with Asylum Affidavits and other documents containing material falsehoods, such as fabricated claims of past persecution, to USCIS.

6.     YURY MOSHA, the defendant, also connected Russian America clients with attorneys, such as JULIA GREENBERG, the defendant, who knowingly prepared and encouraged certain Russian America clients to lie under oath about their fraudulent asylum claims during interviews conducted by USCIS Officers ("Asylum Officers").  GREENBERG would accompany these clients to, and represent them, during these interviews and in proceedings

conducted by immigration judges, during which clients and/or GREENBERG made claims that GREENBERG understood were false.

7. Russian America also employed individuals, including ALEKSEI KMIT, the defendant, who, among other things: served as certain clients' primary point of contact; coordinated communications between these clients and other coconspirators such as YURY MOSHA, TYMUR SHCHERBYNA, and JULIA GREENBERG, the defendants; and provided advice to clients about their asylum applications, Asylum Affidavits, and related forms of evidence, understanding that these documents were fraudulent in nature.

8. ULADZIMIR DANSKOI, the defendant, also knowingly assisted Russian America clients to prepare and submit fraudulent asylum applications, performing many of the same functions as YURY MOSHA, the defendant. For example, DANSKOI knowingly assisted and advised a Russian America client (who was in fact a government confidential source ("CS-3") acting at the direction of law enforcement), to fraudulently seek asylum by claiming persecution based on sexual orientation when DANSKOI fully understood that CS-3 endured no such persecution. In addition to advising CS-3 how to lie in CS-3's asylum application and affidavit, and how to defraud an Asylum Officer, DANSKOI referred CS-3 to JULIA GREENBERG, the defendant, so that GREENBERG could knowingly prepare the client to lie under oath

during immigration proceedings, including during an interview with an Asylum Officer.

## BACKGROUND ON THE ASYLUM PROCESS

9.    Pursuant to federal immigration law, to obtain asylum in the United States, an alien is required to show that he or she has suffered persecution in his or her country of origin on account of race, religion, nationality, political opinion, or membership in a particular social group, or has a well-founded fear of persecution if he or she were to return to such country.

10.   Alien applicants seeking asylum are required to complete and present a form, Form I-589, to USCIS.  The Form I-589 requires a detailed and specific account of the basis of the claim to asylum.  Alien applicants are permitted to append to the Form I-589 an Asylum Affidavit, providing greater detail about the applicant's background and basis for seeking asylum. If the Form I-589 is prepared by someone other than the applicant or a relative of the applicant, such as an attorney, the preparer is required to set forth his or her name and address on the form.  The alien applicant and preparer are required to sign the petition under penalty of perjury.  The alien applicant must typically apply for asylum within one year of his or her arrival in the United States.

11.   After the Form I-589 is submitted, the alien applicant is interviewed by an Asylum Officer to determine whether the

applicant qualifies for asylum.  At the interview, the applicant is permitted to speak on his or her own behalf, and can present witnesses or documentation in support of his or her asylum claim.  After the interview, the Asylum Officer determines whether the alien applicant qualifies for asylum.

12.  If an alien applicant is granted asylum, he or she receives a completed Form I-94 that reflects that the USCIS has granted him or her asylum status.  The grant of asylum typically applies to the applicant's spouse and children as well.  An alien who has a Form I-94 can apply for, among other things, lawful permanent resident status.  A grant of asylum status does not expire, although USCIS can terminate asylum status if, among other things, it is later discovered that the applicant obtained asylum through fraud or no longer has a well-founded fear of persecution in his or her home country.

13.  If the Asylum Officer determines that the applicant is ineligible for asylum status, and if the applicant is in the United States illegally, the matter is referred to an Immigration Judge at the Executive Office for Immigration Review.  The Immigration Judge holds a hearing during which the alien applicant, and commonly an immigration lawyer, appear before the Immigration Judge and present evidence in support of the asylum application.  For asylum applicants residing in the Southern and Eastern Districts of New York, all immigration

hearings take place in Manhattan, New York.  After the hearing, the Immigration Judge renders a decision on the alien's asylum application.  If the Immigration Judge denies the asylum application, the applicant may appeal that decision to the Board of Immigration Appeals ("BIA").  If the applicant loses his or her appeal before the BIA, the applicant may appeal to a federal court.

14.  At all times relevant to this Indictment, a successful application for asylum generally required, among other things, that:

a.  The applicant submit his or her application within one year of his or her last arrival in the United States;

b.  The applicant demonstrate that he or she is a "refugee," meaning, in general terms, that he or she is unable to return to his or her country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion;

c.  The applicant subscribe to the assertions contained in his or her application for asylum under penalty of perjury; and

d.  The applicant be interviewed, under oath, by an asylum officer.

15.   In the course of their work for and with Russian

America, YURY MOSHA, ULADZIMIR DANSKOI, JULIA GREENBERG, ALEKSEI

KMIT, and TIMUR SHCHERBYNA, the defendants, and others known and

unknown, conspired to provide applicants and potential

applicants for asylum with assistance in making and supporting

fraudulent claims for asylum.  Specifically, MOSHA, DANSKOI,

GREENBERG, KMIT, SHCHERBYNA, and others known and unknown,

helped applicants and potential applicants to, among other

things, (i) concoct false and fraudulent bases that would

purport to satisfy the aforementioned criteria for asylum, (ii)

generate fraudulent evidence that purported to support those

false and fraudulent assertions, (iii) prepare and submit asylum

applications, affidavits, and documents containing the false and

fraudulent assertions, and (iv) prepare for and accompany

applicants to the asylum interview at which the applicant would

be required to reiterate the false and fraudulent assertions.

Statutory Allegations

16.   From at least in or about August 2018, up to and

including at least in or about February 2021, in the Southern

District of New York and elsewhere, YURY MOSHA, ULADZIMIR

DANSKOI, JULIA GREENBERG, ALEKSEI KMIT, and TIMUR SHCHERBYNA,

the defendants, and others known and unknown, knowingly and

willfully did combine, conspire, confederate and agree together

and with each other to defraud the United States of America and

8

an agency thereof, to wit, USCIS, and to commit offenses against the United States, to wit, to violate Section 1546(a) of Title 18, United States Code.

17. It was a part and an object of the conspiracy that YURY MOSHA, ULADZIMIR DANSKOI, JULIA GREENBERG, ALEKSEI KMIT, and TIMUR SHCHERBYNA, the defendants, and others known and unknown, willfully and knowingly would and did defraud the United States and USCIS for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of USCIS in processing, reviewing, and deciding upon applications for asylum.

18. It was further a part and an object of the conspiracy that YURY MOSHA, ULADZIMIR DANSKOI, JULIA GREENBERG, ALEKSEI KMIT, and TIMUR SHCHERBYNA, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did utter, use, attempt to use, possess, obtain, accept, and receive an immigrant and nonimmigrant visa, permit, border crossing card, alien registration receipt card, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing it to be forged, counterfeited, altered, and falsely made, and to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained, and would and did make under oath, and as

permitted under penalty of perjury under section 1746 of Title 28, United States Code, subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and would and did present such application, affidavit, and other document which contained such false statement and which failed to contain a reasonable basis in law and fact, in violation of Title 18, United States Code, Section 1546(a).

### Overt Acts

19.  In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  In or about September 2018, TYMUR SHCHERBYNA, the defendant, agreed to and subsequently did ghost-write and maintain a blog on behalf of a cooperating witness ("CS-1") that was critical of the Ukrainian government, understanding that this blog would form a basis for CS-1's asylum application, and that CS-1 would further claim to United States immigration authorities that CS-1 personally wrote and maintained said blog.

b.  In or about April 2019, while in Manhattan, New York, YURY MOSHA, the defendant, prepared, signed, and mailed CS-1's Form I-589 asylum application and Asylum Affidavit to

10

USCIS, knowing that these documents contained several material misrepresentations, including that (1) CS-1 started a blog to criticize the Ukrainian government, when in fact MOSHA understood that CS-1 started the blog, at MOSHA's instruction, to generate a basis to seek asylum; (2) CS-1 authored the blogposts on CS-1's online blog, when in fact MOSHA understood that CS-1's blogposts were ghost-written by SHCHERBYNA, whom MOSHA introduced to CS-1; and (3) CS-1 was allegedly assaulted to the point of unconsciousness in Ukraine because CS-1 was overheard speaking Russian, when in fact MOSHA understood that no such incident actually occurred.

c.   In or about September 2019, while in Manhattan, New York, JULIA GREENBERG, the defendant, knowingly prepared and coached CS-1 to lie under oath to a USCIS Asylum Officer, understanding that CS-1 would convey false information about, among other things, (1) CS-1's reason for starting a blog that was critical of the Ukrainian government; (2) CS-1's alleged authorship and maintenance of said blog; and (3) CS-1's alleged persecution endured in Ukraine, including an incident in which CS-1 was allegedly assaulted because of CS-1's status as a Russian-speaking Ukrainian.

d.   In or about September 2019, while in Manhattan, New York, a government confidential source ("CS-2"), met with KMIT, who explained that CS-2's Form I-589 asylum application

had already been prepared by Russian America, even though CS-2 had not yet established an online blog criticizing CS-2's home government, which KMIT understood was the exclusive basis for CS-2's asylum claim.

e.    In or about September 2019, while in Brooklyn, New York, CS-3 met with ULADZIMIR DANSKOI, the defendant, who knowingly helped CS-3 pursue asylum on the fabricated basis that CS-3 was persecuted in Ukraine for his sexual orientation, knowing that CS-3 was actually a heterosexual male who suffered no such persecution.

f.    In or about December 2020, while in Brooklyn, New York, JULIA GREENBERG, the defendant, understanding that CS-3 was a heterosexual male who did not suffer persecution in his home country, prepared CS-3 to defraud a USCIS Asylum Officer by, among other things, conducting a mock asylum interview, advising CS-3 how to falsely answer certain anticipated questions, and instructing CS-3 to appear and dress for CS-3's asylum interview in a manner that comported with GREENBERG's estimation of the appearance of, and clothing worn by, a gay male.

(Title 18, United States Code, Section 371.)

### FORFEITURE ALLEGATION

20.    As a result of committing the offense alleged in Count One of this Indictment, YURY MOSHA, ULADZIMIR DANSKOI, JULIA

12

GREENBERG, ALEKSEI KMIT, and TIMUR SHCHERBYNA, the defendants,

shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 982(a)(6)(A)(ii)(I), all property, real and

personal, that constitutes or is derived from or is traceable to

the proceeds obtained directly or indirectly from the commission

of the offense, including but not limited to a sum in United

States currency representing the amount of proceeds obtained as

a result of the offense.

### Substitute Assets Provision

21. If any of the above-described forfeitable property, as

a result of any act or omission of the defendants:

> a. cannot be located upon the exercise of due
> diligence;
>
> b. has been transferred or sold to, or deposited
> with, a third person;
>
> c. has been placed beyond the jurisdiction of the
> Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which
>
> cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property

of the defendants up to the value of the above forfeitable

13

property.

         (Title 18, United States Code, Section 982;
      Title 21, United States Code, Section 853; and
       Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

### UNITED STATES OF AMERICA

v.

**YURY MOSHA,**
**ULADZIMIR DANSKOI,**
**JULIA GREENBERG,**
**ALEKSEI KMIT, and**
**TIMUR SHCHERBYNA,**

Defendants.

---

### SEALED INDICTMENT

21 Cr.

(18 U.S.C. §§ 371 and 1546.)

Audrey Strauss
United States Attorney

_Foreperson_