UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/8/2021
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Protective Order** |
| v. | **21 Cr. 92 (AJN)** |
| YURY MOSHA,<br>ULADZIMIR DANSKOI,<br>JULIA GREENBERG, and<br>ALEKSEI KMIT,<br><br>*Defendants.* | |

      Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

      1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated;  and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

      2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could

lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by any defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

    (a) The defendants for purposes of defending this action;

    (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or

    (c) Prospective witnesses for purposes of defending this action.

5. Sensitive disclosure material shall be kept in the sole possession of counsel, shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel employed

by or retained by counsel, shall not be copied or otherwise recorded by the defendants, and may be disclosed by counsel only to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

6.   The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7.   This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8.   The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from devices and social media accounts belonging to certain of the defendants, including during the pendency of the investigation and during certain arrests. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and potential defense witnesses may review the seized ESI disclosure

material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

9.  Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of any collateral attack commenced within a year of the exhaustion of the defendant's appellate rights involving any of the charges in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. The defense shall provide a copy of this Order to prospective witnesses, and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

13. Nothing within this agreement precludes or excuses any party from their obligations with respect to disclosure pursuant to the Federal Rules of Criminal Procedure, including Rule 16.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney


by: _____          Date:   March 12, 2021
   Jonathan Rebold / David Felton
   Assistant United States Attorneys




_____          Date:  _____
   Vadim Glozman, Esq.
   Counsel for YURY MOSHA


_____          Date:  _____
   Rovshan Sharifov, Esq.
   Counsel for ULADZIMIR DANSKOI

5

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

13. Nothing within this agreement precludes or excuses any party from their obligations with respect to disclosure pursuant to the Federal Rules of Criminal Procedure, including Rule 16.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney


by: _____                    Date:   March 12, 2021
　　Jonathan Rebold / David Felton
　　Assistant United States Attorneys



*Vadim A. Glozman*                              Date:   3/18/2021
_____                              _____
Vadim Glozman, Esq.
Counsel for YURY MOSHA


_____                         Date:   3/19/2021
Rovshan Sharifov, Esq.                               _____
Counsel for ULADZIMIR DANSKOI


5

Charles W. Kaser, Esq.
Counsel for JULIA GREENBERG

Date: ___March 18, 2021___

Stephen Turano, Esq.
Counsel for ALEKSEI KMIT

Date: ___3/26/21___

SO ORDERED:

Dated: New York, New York

April 8, 2021

THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

6